IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JEFFREY MORAN,**

        Plaintiff,

Case No.

v.

Hon.

**AL BASIT LLC,**
d/b/a AUTO PRO DIAGNOSTIC AND COMPLETE AUTO REPAIR,
**AL GHANI LLC,**
d/b/a AUTO PRO TROY DIAGNOSTIC AND COMPLETE AUTO REPAIR,
**ZAIN SYED, and**
**ZOHAIB SYED**

        Defendant.

**GOLD STAR LAW, P.C.**
**MAIA E. JOHNSON (P40533)**
**CAITLIN E. SHERMAN (P76606)**
Attorneys for Plaintiff
2701 Troy Center Drive, Suite 400
Troy, MI 48084
(248) 275-5200
mjohnson@goldstarlaw.com
csherman@goldstarlaw.com

## COMPLAINT

There is no other pending or resolved civil action arising out of
the same transaction or occurrence as alleged in this Complaint.

Plaintiff, Jeffrey Moran, through his attorneys, Gold Star Law, P.C., for his Complaint states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Jeffrey Moran ("Plaintiff"), is an individual who resides in Warren, Michigan.

2.  Defendant Al Basit, LLC ("Basit") is a limited liability corporation with a registered office in Troy, Michigan.

3.  Defendant Al Ghani, LLC ("Ghani") is a limited liability corporation with a registered office in Warren, Michigan.

4.  Defendant Zain Syed is the registered agent of Ghani.

5.  Defendant Zohaib Syed is the registered agent of Basit.

6.  This action arises under 29 USC 207, and jurisdiction of this Court is invoked pursuant to 28 USC 1331.

7.  Defendant resides within this judicial district, and venue is proper in this Court pursuant to 28 USC 1391(b).

## FACTUAL ALLEGATIONS

8.  Ghani and Basit perform repairs and mechanical work on automobiles under the assumed business name of "Auto Pro Diagnostic and Complete Auto Repair."

9.  Plaintiff became employed by Ghani and Basit on or about April 19, 2011.

10. Plaintiff's primary job duty was to perform mechanical work on automobiles.

11. Plaintiff was paid $300 per week.

12. Plaintiff worked approximately 68 hours per week on average.

13. Plaintiff was not compensated for hours worked in excess of 40 per week.

14. Plaintiff was not, at any time during his employment, exempt from the overtime pay requirements of the Fair Labor Standards Act ("FLSA").

15. All hours worked by Plaintiff, including overtime hours, were worked at the direction of and with the sufferance of Defendants.

16. Defendants' refusal to compensate Plaintiff for his overtime hours was willful.

17. In late April, 2013, Plaintiff complained to Defendants that he was not receiving the overtime pay to which he was entitled.

18. On or about May 1, 2013, Defendants terminated Plaintiff's employment.

19. Upon information and belief, Plaintiff's employment was terminated because he requested overtime compensation.

## COUNT I – VIOLATION OF SECTION 207

20. Plaintiff incorporates the foregoing allegations of this Complaint as if fully stated herein.

21. Defendants are employers within the coverage of the Fair Labor Standards Act, 29 USC 201 *et seq*. (FLSA).

22. Plaintiff is an employee within the coverage of the FLSA.

23. Pursuant to Section 207 of the FLSA, Defendants were required to pay Plaintiff one and one-half (1 ½) times his regular hourly rate of pay for all hours worked in excess of forty per week.

24. Defendants violated Section 207 of the FLSA by failing to pay Plaintiff one and one-half (1 ½) times his regular hourly rate of pay, for each hour worked in excess of forty.

25. Defendants' failure to pay overtime compensation in violation of the FLSA was willful, with knowledge or reckless disregard of the statutory overtime requirements.

26. Pursuant to Section 216(b) of the FLSA, Defendants are liable to Plaintiff for unpaid overtime compensation, plus an additional equal amount as liquidated damages, together with a reasonable attorney's fee and costs of the action.

27. As a direct and proximate result of Defendants' violation of the FLSA, Defendants are liable to Plaintiff for an amount to be determined at trial.

## COUNT II- RETALIATORY DISCHARGE

28. Plaintiff incorporates the foregoing allegations of this Complaint as if fully stated herein.

29. Plaintiff's request to Defendants for overtime compensation constituted a complaint of a violation of the FLSA within the coverage of Section 215 of the FLSA.

30. Defendants terminated Plaintiff's employment because of Plaintiff's complaints regarding Defendants' failure to pay overtime compensation in compliance with the FLSA.

31. Defendants' termination of Plaintiff's employment violated Section 215 of the FLSA.

32. As a direct and proximate result of Defendants' violation of Section 215 of the FLSA, Plaintiff has incurred damages including loss of earnings and emotional distress, in an amount to be proven at trial.

33. Pursuant to Section 216 of the FLSA, Defendant is liable for liquidated damages in an amount equal to Plaintiff's loss of earnings.

**WHEREFORE**, Plaintiff, Jeffrey Moran, requests that this Court enter judgment against Defendants, jointly and severally, in an amount to be determined at trial, together with his costs and reasonable attorney fees incurred herein, and such other relief as this Court deems just and equitable.

Respectfully submitted,

**GOLD STAR LAW, P.C.**

_/s/ *Maia E. Johnson*_
**Maia E. Johnson P40533**
**Caitlin E. Sherman P76606**
Attorneys for Plaintiff
2701 Troy Center Dr., Suite 400
Troy, MI 48084
(248) 275-5200

Dated: August 22, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2013, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel registered electronically:

__/s/ Ryan Sherman_____

Ryan Sherman

**GOLD STAR LAW, P.C.**

5