## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Jeffrey Moran,

                    Plaintiff,          Case No. 13-cv-13625
                                        Hon. Judith E. Levy
v.                                      Mag. Judge Michael J. Hluchaniuk

Al Basit, LLC, et al.,

                    Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANTS' [17] MOTION FOR SUMMARY JUDGMENT

This action is brought by plaintiff Jeffrey Moran against his former employers, defendants Al Basit, LLC, Al Ghani, LLC, Zain Syed, and Zohaib Syed. Plaintiff alleges defendants violated the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*, by failing to pay him overtime wages. This matter is before the Court on defendants' Motion for Summary Judgment. (Dkt. 17). Oral argument was held on July 17, 2014. For the reasons discussed below, the Court will grant the motion.

## I.    Background

Defendants Zohaib and Zain Syed are principals of defendants Al Ghani, LLC and Al Basit, LLC.  Al Ghani and Al Basit are Michigan limited liability companies that own and operate two auto repair shops under the name Auto Pro, one in Warren, Michigan and the other in Troy, Michigan.  Zain Syed manages the Warren Auto Pro.  Plaintiff Jeffrey Moran is an auto mechanic who worked at the Warren Auto Pro from July or August 2011 until April 30, 2013.

Plaintiff interviewed with defendant Zohaib Syed on June 27, 2011, for a position as a mechanic.  (Dkt. 20, Pl.'s Resp. 4).  According to plaintiff, he and Zohaib Syed agreed plaintiff would work 58 hours for $300 per week, plus bonuses representing a share of defendants' profits. (*Id.*; Dkt. 1, Compl. ¶ 12).  Plaintiff began work for defendants on July 11, 2011, primarily at the Warren AutoPro. (Dkt. 20, Pl.'s Resp. 3). According to defendants, plaintiff was hired in August 2011 to work 30 hours per week for $300 per week.  (Dkt. 17-2, Ex. 4 to Defs.' Br. in Support of Mot. Summ. J., Zohaib Syed Dep. 13-14).   Defendants maintain plaintiff began work on August 17, 2011, the date reflected in plaintiff's first pay stub.  (*See* Dkt. 17-6, Ex. 5 to Defs.' Br. 2).

2

Plaintiff alleges he worked "approximately 68 hours per week on average" for the entire period of his employment with defendant. (Dkt. 1, Compl. ¶¶ 12-13). Plaintiff testified he had to be at the shop every Monday through Friday at 7:30 A.M., a half-hour before the shop opened. (Dkt. 20-3, Ex. 1 to Pl.'s Resp., Moran Dep. 44). Plaintiff stayed "till the work was completed," that is, 6:30 or 7 P.M., after the shop had closed. (*Id.*). Plaintiff also testified "[i]t was not unusual to be there at 8:00 at night." (*Id.* at 47). Plaintiff alleges he worked every Saturday, again from before opening until after closing, 7:30 A.M. until 4:30 or 5 P.M. (*Id.* at 44). He worked "on Sundays a lot of times" as well, although the shop was closed on Sundays. (*Id.* at 47).

Plaintiff testified that he worked with John Blue, the manager of Auto Pro Warren, and at least one other mechanic at any given time. (*Id.* at 45). Plaintiff did not have a key to the shop and could only get in when Blue unlocked the shop each morning. (*Id.* at 47). According to plaintiff, Zohaib Syed was never at the Warren location, and Zain Syed was only there Wednesday afternoons. (*Id.* at 50-51).

Plaintiff alleges he was not compensated at the required overtime rate for hours in excess of 40 per week. (Dkt. 1, Compl. ¶¶ 12-13; Dkt.

20, Pl.'s Resp. 4).    Plaintiff did "get a little extra" money from defendants "every once in a while," and once received a car loan from Zain Syed.  (Dkt. 20-3, Ex. 1 to Pl.'s Resp., Moran Dep. 52-54).

Defendants have submitted paystubs and timesheets showing defendant never worked over 30 hours per week.  (Dkt. 17-6, Ex. 5 to Defs.' Br.; Dkt. 17-8, Ex. 7 to Defs.' Br.).  Defendant Zain Syed testified that he scheduled employees for the following week, and then kept track of their starting and stopping times each day through a camera system at Auto Pro Warren.  (Dkt. 17-2, Ex. 1 to Defs.' Br., Zain Syed Dep. 50, 60).  Syed wrote down employees' starting and stopping times, used those times to record the number of hours the employees worked, and then discarded the paper with the starting and stopping times.  (*Id.* at 56-7).  Defendants have also submitted an affidavit of John Blue, in which Blue attests that plaintiff "barely worked 30 hours per week, and never worked over 30 hours per week." (Dkt. 17-3, Ex. 2 to Defs.' Br., Blue Aff. ¶ 9).  Blue also attests that "I never opened the shop for [plaintiff], either during the week or on the weekends, to work on customer vehicles.  Nor did Plaintiff seek, or I permit him, to work on customer vehicles after I closed the shop to the public." (*Id.* ¶ 10).

4

In response, plaintiff maintains these paystubs and timesheets do not accurately reflect the hours he actually worked (Dkt. 20, Pl.'s Resp. 11). Moreover, plaintiff claims the timesheets are "false" and "made solely to substantiate [defendants'] claim." (Dkt. 20-3, Ex. 1 to Pl.'s Resp., Moran Dep. 64-66). Plaintiff claims he only needs to establish a reasonable inference that he has performed overtime work, because defendants' paystubs and timesheets are inadequate. (*See* Dkt. 20, Pl.'s Resp. 12-13). Plaintiff maintains his estimate of hours worked – 65-68 per week – is reasonable, given that defendants did not have a time-tracking system, and never gave him a written schedule. (*Id.* at 12).

Over the course of his employment with defendants, plaintiff complained to Zain Syed "[m]aybe six or seven times" about wanting "more money." (Dkt. 20-3, Ex. 1 to Pl.'s Resp., Moran Dep. 53). Although plaintiff "would get a little extra every once in a while," he claims he "was promised and needed a bonus, profit sharing, and I never got it, and I just had enough at the end." (*Id.* at 54). On April 30, plaintiff approached Zain Syed and "asked for more money, overtime or my bonus money or however you want to word it." (Dkt. 20-3, Ex. 1 to Pl.'s Resp., Moran Dep. 82). "An argument ensued," although it was not

"heated," but "[j]ust two guys talking." (*Id.* at 82, 86-7). Plaintiff alleges he was terminated, as "it was either hit the road or stay working like it is." (*Id.* at 82). The next day, plaintiff was sentenced on a felony conviction and was confined in the Oakland County, Michigan Jail for 52 days. (*Id.* at 35-6, 83). Ten days after his sentencing, plaintiff notified Zain Syed that he would not be returning to work. (*Id.* at 81).

Plaintiff alleges defendants 1) failed to pay plaintiff overtime wages, in violation of § 207 of the FLSA (Count I), and 2) terminated or constructively discharged plaintiff in retaliation for plaintiff's complaints about the failure to pay overtime, in violation of § 215 of the FLSA (Count II). (Dkt. 1, Compl. ¶¶ 24, 30-31). Plaintiff seeks approximately $55,120 (based on a wage of $10 per hour and a workweek of 68 hours) in back wages and an equal amount in statutorily-mandated liquidated damages, plus attorney's fees and costs. (Dkt. 17-9, Pl.'s Ans. to Defs.' First Interrogs., No. 13).

## II.   Analysis

### A.   Summary judgment standard

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248.  The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party."  *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.,* 305 F.3d 520, 526 (6th Cir.2002)).

The non-movant cannot, however, "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must present affirmative evidence" to defeat the motion.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).  The "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient."  *Liberty Lobby*, 477 U.S. at 252.  "If the evidence is

merely colorable, or is not significantly probative, summary judgment may be granted." *Id*. at 249-250.

### B.    Failure to pay overtime (Count I)

Section 207 of the FLSA requires employers to pay employees at least 1 ½ times their regular rate of pay for any time worked in excess of 40 hours per week.  29 U.S.C. § 207(a).  Section 216 provides that an employer who violates § 207 "shall be liable to the employee or employees affected" for unpaid overtime compensation and an additional equal amount as liquidated damages.  *Id*. § 216(b).

To establish a claim for failure to pay overtime under § 207, a plaintiff must prove, by a preponderance of the evidence, "that he or she performed work for which he was not properly compensated." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946).  Defendants argue plaintiff cannot establish that he worked more than 40 compensable hours per week.

The plaintiff can often meet his or her burden through "discovery and analysis of the employer's code-mandated records." *Myers v. Copper Cellar Corp.*, 192 F.3d 546, 551 (6th Cir. 1999).  "However, if the

employer kept inaccurate or inadequate records, the plaintiff's burden of proof is relaxed . . ." *Id.* Specifically, plaintiff's burden is satisfied "if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Mt. Clemens Pottery*, 328 U.S. at 687.

1. <u>The adequacy of defendants' records and whether plaintiff is entitled to a relaxed burden of proof</u>

The parties spend much of their briefing arguing about the adequacy of paystubs and timesheets submitted by defendants, and whether plaintiff is entitled to a relaxed burden of proof in resisting summary judgment on the overtime claim.

These arguments are misplaced, however. As plaintiff's counsel correctly pointed out at the hearing on this motion, the adequacy of an employer's records and an employee's entitlement to a relaxed burden of proof relate only to <u>damages</u>, not <u>liability</u>. The Sixth Circuit addressed this very issue in *O'Brien v. Ed Donnelly Enterps., Inc.*, 575 F.3d 567, 602-03 (6th Cir. 2009). In *O'Brien*, the plaintiffs contended they were entitled to a relaxed burden of proof at summary judgment because the

9

employer's records were inadequate.  *Id.* at 602.  The court rejected the

plaintiffs' argument, holding:

> *Mt. Clemens Pottery* and its progeny do not lessen the
> standard of proof for showing that a FLSA violation
> occurred.   Rather, *Mt. Clemens Pottery* gives a FLSA
> plaintiff an easier way to show what his or her damages are .
> . . In short, *Mt. Clemens Pottery* does not help plaintiffs show
> that there was a violation under the FLSA. It would only
> allow them to prove damages by way of estimate, if they had
> already established liability.

*O'Brien*, 575 F.3d at 602-03.  Here, defendants argue they are entitled

to summary judgment because plaintiff has not created a genuine

dispute of material fact as to defendants' <u>liability</u> under § 207 of the

FLSA.   That is, plaintiff has not, according to defendants, presented

sufficient evidence to establish that he worked compensable hours in

excess of 40 per week.  Plaintiff is not entitled to a relaxed burden in

resisting summary judgment on that issue.

Even if the adequacy of defendants' records were germane to the

Court's analysis here, the time sheets and paystubs submitted by

defendants appear to meet the recordkeeping requirements under 29

C.F.R. § 516.2.  Plaintiff has offered no basis for finding those records

inadequate, other than his bare assertion that the records are "false" and "made solely to substantiate [defendants'] claim."  (Dkt. 20-3, Ex. 1 to Pl.'s Resp., Moran Dep. 64-66).

> 2. <u>Whether plaintiff's deposition testimony alone is sufficient to create a genuine issue of material fact</u>

Plaintiff must present "affirmative evidence" – more than a "mere scintilla" – that he worked more than 40 hours per week for defendants. Plaintiff's evidence here consists solely of his own somewhat vague deposition testimony that he worked 65-68 hours every week for the duration of his employment with defendants.   The central question before the Court, then, is whether plaintiff's deposition testimony alone is sufficient to create a genuine dispute as to that material fact. Defendants maintain that plaintiff's exclusive reliance on his deposition testimony is legally insufficient to show that he worked overtime.

The Sixth Circuit has held that a non-movant's deposition testimony can, at least in some circumstances, suffice to create a genuine dispute of material fact.  *Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 238 (6th Cir. 2010) (citing cases from the 5th, 6th, 8th, and 9th Circuits).   In *Harris*, the court stated that the plaintiff's testimony

"alone is sufficient to create a jury question" as to whether defendant had switched the stone in plaintiff's diamond ring for one of lesser value. *Id.* But the court also considered three supporting affidavits in deciding the plaintiff had created a genuine issue of material fact. *Id.*

Likewise, in *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 904 (6th Cir. 2006), the court found the plaintiff's testimony alone created a genuine issue of material fact. But the court was guided in part by the fact that claims under the statute at issue, the Jones Act, had to clear only a "very low evidentiary threshold" to reach a jury, in light of the underlying "policy of providing expansive remedies." *Id.* at 903. No such lower evidentiary threshold applies here. *Harris* and *Churchwell* are thus not analogous to this case, and suggest that something more – e.g., additional testimony, or a lower evidentiary standard – is needed for a plaintiff's deposition testimony to create a genuine dispute of material fact.

Plaintiff cites two cases in support of the position that a plaintiff may satisfy the burden of establishing a prima facie overtime case by his testimony alone. (Dkt. 20, Pl.'s Resp. 13). In the first case, *Bueno v. Mattner*, 829 F.2d 1380 (6th Cir. 1987), migrant farmworkers had sued

12

their employer for failure to pay overtime.  The employer appealed from the district court's judgment in favor of the plaintiffs.  The district court had first found the employer's recordkeeping inadequate, based on its failure to keep individual time records for employees.  The court had then found that the testimony of multiple plaintiffs, combined with such records as the employer and the employees themselves had kept, established a reasonable inference of the number of hours plaintiffs had worked.  *Id.* at 1387.

The second case, *Williams v. Tri-County Growers, Inc.*, 747 F.2d 121 (3d Cir. 1984), similarly involved an employer's appeal from a judgment in favor of farmworkers suing for failure to pay minimum wage.  The district court had based its decision on the testimony of multiple plaintiff farmworkers and their crew leader, who was not a party to the case.

As in *Harris*, then, in neither *Bueno* nor *Williams* did the court rely solely on a single plaintiff's testimony to find a violation of the FLSA.  Rather, the court in each case had more evidence to support its decision: employer and employee records or third-party testimony. Plaintiff has not directed the Court to a case in this Circuit in which a

plaintiff claiming unpaid overtime successfully resisted summary judgment based on his or her deposition testimony alone.

Defendants, on the other hand, point to three district court cases from within this circuit in which a plaintiff's deposition testimony was not enough to avoid summary judgment on a FLSA overtime claim.

In the first of these cases, *McCrimon v. Inner City Nursing Home, Inc.*, No. 10-392, 2011 U.S. Dist. LEXIS 113302, at *3-4, *10-14 (N.D. Ohio Sept. 30, 2011), the plaintiff claimed in an affidavit to have "worked uncompensated overtime on many occasions" at her supervisor's instruction, and to have recorded the overtime hours on slips of paper, which she then submitted to her supervisor.  The plaintiff did not produce copies or records of the slips of paper.  *Id.* at *13.  The court held that the plaintiff had not met her burden to resist summary judgment, as her "allegations amount[ed] to no more than bald assertions that she sometimes worked off the clock." *Id.* at *14. The plaintiff had failed to "state the number of days, number of hours, or dates on which [the overtime work] occurred." *Id.* at *15.

Similarly, in *Simmons v. Wal-mart Assocs., Inc.*, No. 04-51, 2005 WL 1684002, at *29-30 (S.D. Ohio July 19, 2005), the plaintiff testified

14

at deposition that he had worked off the clock approximately 200 times over a four-year period. The plaintiff claimed to keep a personal log of hours worked, but did not offer a log into evidence. *Id.* at *30. The court held that "plaintiff's bald assertion that from 1999 to 2003 he worked off the clock over 200 times on unspecified days is not enough to create genuine issues of material fact as to whether he is owed any additional compensation." *Id.*

In the third case, *Millington v. Morrow Cty. Bd. of Comm'rs*, No. 06-347, 2007 U.S. Dist. LEXIS 74348, at *16-18 (S.D. Ohio Oct. 4, 2007), the plaintiff, a zoning inspector, claimed he spent an average of five overtime hours per week making work-related phone calls from home. The plaintiff referred to phone logs, but produced no records documenting the calls he had received at home. *Id.* at *17. The court found the plaintiff had "submitted no evidence beyond bare allegations and vague undocumented estimates to support his claim" and held such evidence "not sufficient to survive summary judgment." *Id.* at *19.

Plaintiff here has similarly offered little more than the assertion that he worked "on average" 65-68 hours per week, every week. Plaintiff adds the detail that he began work at 7:30 A.M. every day,

15

before the shop opened, and stayed until after the shop closed, again every day. This is similar to the *Millington* plaintiff's claim to have worked an average of five overtime hours per week, or the *Simmons* plaintiff's claim to have worked overtime on 200 occasions. The only difference is that plaintiff here has not specified when he worked overtime because he claims to have worked overtime every week for two years. And as with the plaintiffs in *McCrimon*, *Simmons*, and *Millington*, plaintiff here claimed to have documentation supporting his overtime claim, but failed to submit it. (Dkt. 20-3, Ex. 1 to Pl.'s Resp., Moran Dep. 58). Plaintiff's efforts to distinguish *Millington* and *Simmons* are unavailing. (*See* Dkt. 20, Pl.'s Resp. 10-12). Plaintiff has failed to present affirmative evidence sufficient to defeat defendants' motion. Defendants are therefore entitled to summary judgment on plaintiff's overtime claim.

## C.     Retaliation (Count II)

Section 215(a)(3) prohibits an employer from "discharg[ing] or in any other manner discriminat[ing] against [an] employee because such

16

employee has filed [a] complaint or instituted . . . any proceeding under [the FLSA]."

1. <u>Prima facie case</u>

To establish a prima facie showing of retaliation, a plaintiff must show that 1) he or she engaged in an activity protected under the FLSA; 2) the defendant knew of the protected activity; 3) the defendant took an employment action adverse to plaintiff; and 4) there was a causal connection between the protected activity and the adverse action. *Adair v. Charter County of Wayne*, 452 F.3d 482, 489 (6th Cir. 2006). If the plaintiff establishes a prima facie case of retaliation, the burden shifts to the defendant to proffer a legitimate, non-discriminatory reason for the adverse action. *Id.* If defendant carries this burden, the plaintiff must then offer evidence that defendant's proffered reason is pretextual. *Id.*

Defendants argue plaintiff has failed to establish two elements of a prima facie retaliation case: protected activity and an adverse employment action. (Dkt. 17, Defs.' Mot. ¶ 7). Because the Court concludes that plaintiff has failed to create a genuine dispute of

material fact as to protected activity, the Court need not analyze whether a genuine dispute exists as to the adverse action element.

### 2. Protected activity

Defendants maintain plaintiff's alleged protected activity is too vague to constitute fair notice to defendant that plaintiff was asserting his rights under the FLSA.  The Court agrees.

Section 215(a)(3) of the FLSA protects "fil[ing a] complaint or institut[ing] . . . any proceeding [under the FLSA]."  The Supreme Court has interpreted this provision to cover oral, informal complaints from an employee to an employer, so long as the complaint is "sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S.Ct. 1325, 1335 (2011).

The issue here is whether plaintiff made a sufficiently clear and detailed assertion of his right to overtime pay.  Two of the leading Sixth Circuit cases addressing the issue were decided before *Kasten* but are nonetheless instructive.  In *EEOC v. Romeo Cmty. Schs.*, 976 F.2d 985,

18

990 (6th Cir. 1992), the court found a teacher's informal complaint to her employer school district that "she believed it was breaking some sort of law by providing higher wages to her male counterparts" was a protected activity under section 215(a)(3).  In *Moore v. Freeman*, the court found that an African-American housing inspector's "rais[ing] the issue" of unequal pay, as between himself and a white inspector, was "clearly" protected activity under section 215(a)(3).  355 F.3d 558, 561-62 (6th Cir. 2004).

Plaintiff relies on *Hill v. Herbert Roofing & Insulation, Inc.*, 2014 U.S. Dist. LEXIS 48140 (E.D. Mich. Apr. 8, 2014), at *12, in which the court held the plaintiff had engaged in FLSA-protected activity when he "complained several times to internal management regarding overtime pay. He specifically referenced overtime policies and how to receive overtime pay."

Here, plaintiff testified that he complained "maybe six or seven times" about his compensation to defendant Zain Syed, manager of Auto Pro Warren (Dkt. 20-3, Ex. 1 to Pl.'s Resp., Moran Dep. 53).  Plaintiff further testified that on his last day of work he asked Syed "for more

19

money, overtime, or my bonus money or however you want to word it"
(*Id.* at 82).

It is not "sufficiently clear" from this statement that plaintiff was
asserting a right to overtime pay.   A reasonable employer could
understand plaintiff's statement to be a demand for a bonus, or simply
for more money.   This is even more likely when plaintiff's statement is
considered in context.  *See Kasten*, 131 S. Ct. at 1335.  Plaintiff testified
that the parties had agreed his compensation would include a "bonus
type profit sharing" (Dkt. 20-3, Ex. 1 to Pl.'s Resp., Moran Dep. 43).
Plaintiff also testified that the substance of his six or seven earlier
wage-related discussions was "I was promised and needed a bonus,
profit sharing, and I never got it, and I just had enough at the end." (*Id.*
at 54).

By contrast, the statements at issue in *Romeo Cmty. Schs.* and
*Moore* referred solely to illegal discrimination in pay practices.
Similarly, the statements in *Hill* referred only to overtime pay and
specifically referred to overtime policies.   Here, plaintiff alternately
characterized his complaints as about profit sharing, bonuses, or
overtime, and did not invoke legal rights or employer policies.  Based on

this evidence, a reasonable juror could not conclude that plaintiff made a sufficiently clear and detailed complaint for a reasonable employer to understand it as an assertion of rights under the FLSA. *See Kasten*, 131 S. Ct. at 1335. Defendants are therefore entitled to summary judgment on plaintiff's FLSA retaliation claim.

## III.   Conclusion

Accordingly, defendants' Motion for Summary Judgment is GRANTED with respect to both counts.

IT IS SO ORDERED.


Dated: August 25, 2014          /s/ Judith E. Levy
Ann Arbor, Michigan             JUDITH E. LEVY
                                United States District Judge


## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 25, 2014.


s/Felicia M. Moses
FELICIA M. MOSES
Case Manager