UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jeffrey Moran,

          Plaintiff,      Case No. 13-cv-13625
                                      Hon. Judith E. Levy
v.                                  Mag. Judge Michael J. Hluchaniuk

Al Basit, LLC, et al.,

          Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S [27] MOTION FOR RECONSIDERATION**

This matter is before the Court on plaintiff Jeffrey Moran's Motion for Reconsideration of the Court's August 25, 2014 Opinion and Order Granting Defendants' Motion for Summary Judgment (Dkt. 26). Plaintiff timely filed his motion on September 4, 2014. For the reasons discussed below, the motion will be denied.

**I.**    **Standard of review**

The Local Rules for the Eastern District of Michigan provide that:

1

> Generally . . . the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court . . . [has] been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h). "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

## II. **Analysis**

Plaintiff raises two arguments in his motion, only one of which alleges a palpable defect: that the Court incorrectly determined plaintiff's "deposition testimony is not sufficient in itself to establish a triable issue regarding a disputed fact where a claim is based on the Fair Labor Standards Act." (Dkt. 27, Pl.'s Br. 1). By this, plaintiff apparently means that the Court adopted the erroneous principle that "a plaintiff's testimony, standing alone, cannot be enough on its own to defeat summary judgment." (*Id.* at 4).

The Court's decision was guided by no such principle. In fact, the Court stated explicitly in its Opinion and Order that "[t]he Sixth Circuit has held that a non-movant's deposition testimony can, at least in some circumstances, suffice to create a genuine dispute of material fact." (Dkt. 26, Opinion and Order 11). After analyzing relevant cases, some of which involved FLSA overtime claims, the Court concluded that in cases where a non-movant's deposition testimony sufficed to resist summary judgment, courts considered some additional evidence or other factor (such as a lower evidentiary threshold) in reaching their decision. The Court also discussed three FLSA overtime cases from within this Circuit in which a plaintiff's deposition testimony was held <u>insufficient</u> to defeat a summary judgment motion. (*Id.* at 14-16).

In short, the Court did <u>not</u> hold that, as a matter of law, "a plaintiff's testimony, standing alone, cannot be enough on its own to defeat summary judgment." (Dkt. 27, Pl.'s Br. 4). Rather, consistent with this Circuit's precedent, the Court held that a plaintiff's testimony <u>can</u> alone suffice to create a genuine dispute of material fact. The Court then found, based on its consideration of plaintiff's testimony and

3

analogous cases, that <u>in this case</u> plaintiff's testimony did not create a genuine dispute of material fact.

Plaintiff's second argument simply disputes that finding: he maintains that his testimony <u>in this case</u> is sufficient to create a genuine issue of material fact. Plaintiff supports this argument by attempting to distinguish cases relied upon by the Court in its Opinion and Order, and by citing additional cases from the Eastern District, one involving a FLSA overtime claim. But this argument does not raise a palpable defect – it simply revisits points already made by plaintiff and already considered by the Court. Plaintiff already attempted to distinguish *Simmons*, *McCrimon*, and *Millington* in his response to defendants' motion for summary judgment. The Court already considered those arguments in its Opinion and Order. As to the other cases, plaintiff uses those to make the same argument: that his deposition testimony is enough create a genuine issue of material fact in this case.

Nonetheless, the Court will briefly address this argument as well. As an initial matter, to the extent that plaintiff argues that a non-movant's deposition testimony is <u>necessarily</u> sufficient to create a

4

genuine dispute of material fact, he is incorrect. As with any evidence presented to defeat a summary judgment motion, the Court must determine whether a non-movant's deposition testimony "is such that a reasonable jury could return a verdict" for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50.

Plaintiff cites, without discussion, a number of "non-FLSA cases which have found the plaintiff's testimony – by deposition or affidavit – sufficient to meet the non-moving party's burden." (Dkt. 27, Pl.'s Br. 5). Again, whether deposition testimony or affidavits alone <u>can</u> create a genuine dispute of material fact is not at issue here. What was at issue – and was decided by the Court – is whether plaintiff's testimony <u>in this case</u> was sufficient to resist summary judgment.

Plaintiff discusses four cases, three of which have already been addressed at length by the parties and the Court.

Plaintiff's assertion that the holding in *Millington v. Morrow Cty. Bd. of Comm'rs*, 2007 U.S. Dist. LEXIS 74348 (S.D. Ohio Oct. 4, 2007)

5

concerned "a different element from that which is at issue here" is disingenuous at best. The *Millington* court first spent over three pages discussing the sufficiency of the plaintiff's evidence that he had worked overtime hours, holding that "[p]laintiff's bare allegation that he worked an average of five hours every week at home is insufficient to meet his burden of proof." *Id.* at *17. As for plaintiff's discussion of *McCrimon v. Inner City Nursing Home, Inc.*, 2011 U.S. Dist. LEXIS 113302 (N.D. Ohio Sept. 30, 2011), and *Simmons v. Wal-Mart Assocs., Inc.*, 2005 WL 1684002 (S.D. Ohio July 19, 2005), there is nothing new here beyond what plaintiff already argued in his response to defendants' summary judgment motion. As the Court has previously discussed, plaintiff's deposition testimony is similar to the testimony held insufficient to defeat summary judgment in *Millington* and *Simmons*. (Dkt. 26, Opinion and Order 15-16).

Finally, plaintiff cites one case he has not previously discussed: *Stultz v. J.B. Hunt Transp., Inc.*, 2014 U.S. Dist. LEXIS 102342 (E.D. Mich. 2014). Plaintiff points to this case as one in which the court found "the employee's trial testimony regarding the number of hours that he worked, without any documentary support, was sufficient to

6

establish the employer's violation of the FLSA." (Dkt. 27, Mot. 5). Plaintiff further maintains that the *Stultz* court "cited testimony remarkably similar to that given by [plaintiff] in this case as a sufficient basis to support *both* liability and an award of damages." (*Id.*).

But the *Stultz* court did not state that the plaintiff's testimony was sufficient to support liability. The decision cited by plaintiffs here was strictly about damages. The *Stultz* court had earlier determined the employer's liability for overtime. *Stultz v. J.B. Hunt Transp., Inc.*, 2014 U.S. Dist. LEXIS 79894 (E.D. Mich. June 12, 2014). In that earlier decision, the court indicated that the employer did not contest that the plaintiff worked more than 40 hours per week; rather, the employer argued that "it was not required to pay plaintiff overtime under the so-called administrative exemption, codified at 29 U.S.C. § 213(a)(1)." *Id.* at *1. *Stultz* does not support plaintiff's argument here.

### III. Conclusion

Plaintiff alleges that the Court's Opinion and Order Granting Defendants' Motion for Summary Judgment (Dkt. 26) was based on a palpable defect: the Court's purported holding that "a plaintiff's

7

testimony, standing alone, cannot be enough on its own to defeat summary judgment." (Dkt. 27, Pl.'s Br. 4). But plaintiff has misunderstood the Court's holding. A plaintiff's testimony, standing alone, <u>can</u> suffice to defeat summary judgment. In this case, however – as discussed above, and in the Court's Opinion and Order – it does not. The Court therefore finds no palpable defect by which it has been misled in deciding defendant's summary judgment motion.

Accordingly, plaintiff's Motion for Reconsideration (Dkt. 27) is DENIED.

IT IS SO ORDERED.

Dated: October 9, 2014　　　　　　　　/s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　　United States District Judge

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 9, 2014.

　　　　　　　　　　　　　　　　　　/s/Felicia M. Moses
　　　　　　　　　　　　　　　　　　FELICIA M. MOSES
　　　　　　　　　　　　　　　　　　Case Manager