**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: June 01, 2015

Kevin Joseph Campbell
3011 W. Grand Boulevard, Suite 2500
Detroit, MI 48202

Mr. David A. Hardesty
Gold Star Law
2701 Troy Center Drive, Suite 400
Troy, MI 48084

Re: Case No. 14-2335*, Jeffrey Moran v. Al Basit LLC, et al*
Originating Case No. : 5:13-cv-13625

Dear Counsel,

The court today announced its decision in the above-styled case.

Enclosed is a copy of the court's opinion together with the judgment which has been entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

Yours very truly,

Deborah S. Hunt, Clerk

Cathryn Lovely
Deputy Clerk

cc: Mr. David J. Weaver

Enclosures

Mandate to issue.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 15a0105p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

JEFFREY MORAN,

*Plaintiff-Appellant*,

*v*.

AL BASIT LLC; AL GHANI LLC; ZAIN SYED, ZOHAIB SYED,

*Defendants-Appellees*.

No. 14-2335

Appeal from the United States District Court
for the Eastern District of Michigan at Ann Arbor.
No. 5:13-cv-13625—Judith E. Levy, District Judge.

Decided and Filed: June 1, 2015

Before: KEITH, CLAY, and STRANCH, Circuit Judges.

---

## COUNSEL

**ON BRIEF:** David A. Hardesty, GOLD STAR LAW, P.C., Troy, Michigan, for Appellant. Kevin J. Campbell, THE ALLEN LAW GROUP, P.C., Detroit, Michigan, for Appellees.

---

## OPINION

---

CLAY, Circuit Judge. Plaintiff Jeffrey Moran appeals the district court's grant of summary judgment to Defendants Al Basit LLC, Al Ghani LLC, Zain Syed, and Zohaib Syed (collectively, "Defendants") on Plaintiff's claim that Defendants violated the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") by failing to properly compensate Plaintiff for overtime work.

For the reasons set forth below, we **REVERSE** the ruling of the district court granting summary judgment in favor of Defendants and **REMAND** the case for further proceedings consistent with this opinion.

**BACKGROUND**

Defendants own and operate two auto repair shops in Michigan. Both shops are called Auto Pro. One is located in Warren, Michigan, and the other is located in Troy, Michigan. Plaintiff was employed by Defendants as a mechanic at the Warren Auto Pro shop from July or August of 2011 until April 30, 2013. Defendant Zain Syed manages the Warren Auto Pro shop.

The parties disagree about the beginning date of Plaintiff's employment and the nature of his compensation. Plaintiff recalls beginning to work at the Warren Auto Pro in July of 2011, whereas Defendants contend that he began to work for them on August 17, 2011. Plaintiff claims that he and Defendant Zohaib Syed agreed that Plaintiff would be paid $300 per week in addition to "bonus type profit sharing," and that he would work six days a week during the store's hours of operation–the equivalent of fifty-eight hours a week. (R. 20-3, Moran Dep., Page ID # 418.) Defendants claim that Plaintiff was hired to work thirty hours per week for $300 weekly pay.

Plaintiff contends that, in practice, he worked an average of sixty-five to sixty-eight hours per week for the duration of his employment. He testified that he was required to be at work every weekday at 7:30 AM, half an hour before the shop opened. He then stayed at work, as instructed by Defendants, until "the work was completed," which meant he was typically at work until 6:30 PM or 7:00 PM on weekdays. (*Id.*) Plaintiff stated that it was also "not unusual [for him] to be there at 8:00 at night." (*Id.* at 419.) On Saturdays, Plaintiff testified that he worked from 7:30 AM until approximately 4:30 PM or 5:00 PM. During his deposition, Plaintiff at one point claimed to have worked "on Sundays a lot of times" and later stated that he worked "maybe six [Sundays] over the almost two-year period." (*Id.* at 419, 423.)

According to Plaintiff, he always worked with a manager named John Blue, and typically worked with one other mechanic. Because Plaintiff did not have a key to the auto shop, he was let in every morning by Blue. Plaintiff further testified that Zohaib Syed never came to the

Case: 14-2335 Document: 28-2 Filed: 06/01/2015 Page: 3

Warren Auto Pro, and that Zain Syed would usually only come in on Wednesday afternoons. Plaintiff was never paid overtime by Defendants, but admitted to receiving "a little extra" money on a few occasions. He also received a car loan from Zain Syed. (*Id.* at 420.)

Defendants deny Plaintiff's allegations, claiming that Plaintiff never worked more than thirty hours per week. They put forward paystubs and timesheets (which Defendants refer to as "time schedules") to substantiate this assertion. Plaintiff's paystubs indicate that he was paid $300 per week, reflecting thirty hours of work at an hourly rate of $10. The timesheets provided by Defendants include entries for the total number of hours Plaintiff worked each day along with a weekly hour total for each week of Plaintiff's employment. According to these timesheets, in all but five of the ninety weeks Plaintiff was employed by Defendants, Plaintiff worked *exactly* thirty hours a week, despite his schedule varying notably from week to week.[1] Defendant Zain Syed claims to have updated the timesheets regularly by tracking his employees' starting and stopping times each day through a security camera system in place at the Warren Auto Pro shop. According to Zain Syed, he had a practice of watching the security footage in order to determine his employees' arrival and departure times, from which he calculated the daily hour totals reflected in the timesheets. He would write these calculations on slips of paper that he subsequently discarded. Plaintiff challenges the veracity of the timesheets, claiming that they are "false document[s] that w[ere] produced to substantiate [Defendants'] claim." (R. 20-3, Moran Dep., Page ID # 423.)

Defendants also submitted an affidavit from John Blue in which Blue denied opening the shop for Plaintiff to work on customers' vehicles, and stated that he did not permit Plaintiff "to work on customer vehicles after [Blue] closed the shop to the public." (R. 17-3, Affidavit of John Blue, Page ID # 107.) Blue further stated that "Plaintiff barely worked 30 hours per week, and never worked over 30 hours per week. Plaintiff at times left work before completing his scheduled partial day." (*Id.* at 106.)

[1] For example, on the week of June 20, 2012, Defendants' timesheets reflect that Plaintiff worked a total of thirty hours, which is the sum of the following daily hour totals for that week: 8+4+4+4+4+6 = 30, while on the week of January 30, 2013, Defendants' timesheets reflect that Plaintiff worked a total of thirty hours, which is the sum of the following daily hour totals: 6+6.5+5+4.5+4+4 = 30. Based on Defendants' timesheets, Plaintiff almost always worked exactly thirty hours a week despite rarely, if ever, having the same weekly schedule.

Case: 14-2335 Document: 28-2 Filed: 06/01/2015 Page: 4

Plaintiff complained to Zain Syed "maybe six or seven" times over the course of his employment about "not getting [his] overtime, [and] not getting [his] bonuses over and above what [he] was supposed to be getting." (R. 20-3, Moran Dep., Page ID # 420.) On April 30, 2013, Plaintiff spoke with Zain Syed and "asked for more money, overtime or [his] bonus money." (*Id.* at 427.) He claims that this discussion turned into an argument during which he was told to "either hit the road or stay working like it is." (*Id.*) Plaintiff did not subsequently return to Auto Pro.

On August 22, 2013, Plaintiff filed his complaint against Defendants raising two claims. First, Plaintiff alleged that Defendants failed to compensate him properly for overtime work, in violation of § 207 of the FLSA. Second, Plaintiff alleged that Defendants terminated his employment in retaliation for requesting overtime compensation, in violation of § 215 of the FLSA. After the close of discovery, Defendants moved for summary judgment. The district court granted Defendants' motion, dismissing both of Plaintiff's claims. Plaintiff subsequently filed a motion for reconsideration, which the district court denied. Plaintiff timely appealed. The sole issue in this appeal is Plaintiff's overtime compensation claim. Plaintiff does not appeal the district court's grant of summary judgment with respect to his retaliatory discharge claim.

## DISCUSSION

This Court reviews a district court's grant of summary judgment *de novo*. *Mutchler v. Dunlap Mem'l Hosp.*, 485 F.3d 854, 857 (6th Cir. 2007). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.*; Fed. R. Civ. P. 56(c). When considering whether to grant summary judgment, all reasonable inferences must be made in favor of the non-moving party. *Little Caesar Enters., Inc. v. OPPCO, LLC*, 219 F.3d 547, 551 (6th Cir. 2000). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In undertaking this inquiry, "credibility judgments and weighing of the evidence are prohibited." *Schreiber v. Moe*,

596 F.3d 323, 333 (6th Cir. 2010) (quoting *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009)).

The FLSA requires employers to pay their employees "at a rate not less than one and one-half times the regular rate" for work exceeding forty hours per week. 29 U.S.C. § 207(a)(1). Employers who fail to do so may be liable to their affected employees "in the amount of their . . . unpaid overtime compensation" and "in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "The legislative debates indicate that the prime purpose of the legislation was to aid the unprotected, unorganized and lowest paid of the nation's working population; that is, those employees who lacked sufficient bargaining power to secure for themselves a minimum subsistence wage." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 n. 18 (1945). And the FLSA entrusted enforcement to those employees: "If there shall occur violations of either the wages or hours, the employees can themselves . . . maintain an action in any court to recover the wages due them . . . . [Section 216 of the FLSA] puts directly into the hands of the employees who are affected by violation the means and ability to assert and enforce their own rights . . . ." *Id*. at 706 n. 16 (quoting 83 Cong. Rec. 9264 (statement of Rep. Kent Keller)). To prevail in an FLSA overtime suit, a plaintiff must prove, by a preponderance of the evidence, that he "performed work for which he was not properly compensated." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), *superseded by statute on other grounds*, Portal-to-Portal Act of 1947, Pub. L. No. 80-49 § 4(a), 61 Stat. 86-87 (codified at 29 U.S.C. 254(a)), *as recognized in Integrity Staffing Solutions, Inc. v. Busk*, 135 S. Ct. 513, 516-17 (2014). As the Supreme Court has noted, "[t]he remedial nature of this statute and the great public policy which it embodies, however, militate against making that burden an impossible hurdle for the employee." 328 U.S. at 687.

This appeal raises one simple question: Where Plaintiff has presented no other evidence, is Plaintiff's testimony sufficient to defeat Defendant's motion for summary judgment? We hold that it is. Plaintiff's testimony coherently describes his weekly work schedule, including typical daily start and end times which he used to estimate a standard work week of sixty-five to sixty-eight hours. The district court characterized this testimony as "somewhat vague." (R. 26, Opinion and Order, Page ID # 475.) However, while Plaintiff's testimony may lack precision,

Case: 14-2335 Document: 28-2 Filed: 06/01/2015 Page: 6

we do not require employees to recall their schedules with perfect accuracy in order to survive a motion for summary judgment. It is unsurprising, and in fact expected, that an employee would have difficulty recalling the exact hour he left work on a specific day months or years ago. It is, after all, "the employer who has the duty under § 11(c) of the [FLSA] to keep proper records of wages [and] hours," and "[e]mployees seldom keep such records themselves." *Anderson*, 328 U.S. at 687. Defendants emphasize the fact that Plaintiff's testimony is inconsistent with the allegedly contemporaneous timesheets Defendants provided to the court. But these timesheets do not amount to objective incontrovertible evidence of Plaintiff's hours worked. Plaintiff denies the validity of these timesheets, which were handwritten by Defendants, and contends that Defendants sanctioned his overtime work. Whether his testimony is credible is a separate consideration that is inappropriate to resolve at the summary judgment stage.

We have previously found that a Plaintiff's testimony can create a genuine issue of material fact foreclosing summary judgment in a lawsuit brought under the FLSA. In *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567 (6th Cir. 2009), we considered a collective action brought against an employer for underpayment of wages in violation of the FLSA. Although we affirmed the district court's decertification of the collective action in *O'Brien,* we considered the district court's grant of summary judgment as to the lead plaintiffs. Plaintiff O'Brien alleged both that the defendants altered her time records and that she was required to work off-the-clock. With respect to O'Brien's "off-the-clock" claim, the defendants argued that they were "not liable under the FLSA because there is no evidence that defendants knew that O'Brien was working without compensation." *Id.* at 595-96. Nonetheless, despite the lack of corroborating evidence, we held that the district court "erred when it granted defendants' motion for summary judgment as to O'Brien's 'off the clock' claim,'" since the plaintiff's own "deposition testimony clearly creates a genuine factual issue, because she asserts that [the defendants] knew that she was working off the clock." *Id.* at 596. The *O'Brien* court reached this conclusion despite the plaintiff's at times contradictory testimony. *Id.* at 595.

This holding is consistent with our decision in *Harris v. J.B. Robinson Jewelers*, where we explicitly found that a plaintiff's testimony is itself sufficient to create a genuine issue of material fact. 627 F.3d 235 (6th Cir. 2010). In *Harris*, we considered the appropriateness of

Case: 14-2335 Document: 28-2 Filed: 06/01/2015 Page: 7

summary judgment where a plaintiff testified that her jeweler had replaced a diamond in her ring with a smaller, less-valuable diamond. In that case, we reviewed the district court's decision to exclude the plaintiff's testimony as well as its decision to exclude the affidavits of three corroborating witnesses. Notably, we determined that "[the plaintiff's] testimony *alone* is sufficient to create a jury question regarding the alleged replacement [of her diamond]." *Id.* at 239 (emphasis added). The district court in this case disregarded the applicability of that determination to the case at hand, focusing instead on the fact that the *Harris* court also deemed admissible the sworn affidavits of the three corroborating witnesses. Such disregard was mistaken. Our opinion in *Harris* clearly states that, regardless of the three additional affidavits, the plaintiff's testimony was itself sufficient to create a genuine issue of material fact.

The same principles at work in *Harris* and *O'Brien* apply here. Despite the lack of corroborating evidence, Plaintiff's testimony is sufficient to create a genuine dispute of material fact that forecloses summary judgment at this juncture. Defendants cite to no Sixth Circuit precedent for the opposite conclusion; rather, they rely on three district court opinions and a handful of opinions from other circuits. None of these cases counsel in favor of ignoring clearly applicable Sixth Circuit caselaw. The district court cases cited by Defendants are neither precedential nor instructive in the present case, and we note that this Court did not have an opportunity to review their reasonableness on appeal. Nor do the out-of-circuit cases cited by Defendants belie the applicability of our own Circuit's on-point precedent and the basic tenets of summary judgment law to the case at hand.

**CONCLUSION**

On summary judgment, all reasonable inferences must be made in favor of the non-moving party and, as we have held in the past, a plaintiff's testimony alone may be sufficient to create a genuine issue of material fact thereby defeating a defendant's motion for summary judgment. This is such a case. Here, Plaintiff put forward testimony that contradicted that of Defendants, describing his typical work schedule with some specificity and estimating that he worked sixty-five to sixty-eight hours a week on average. This contradictory testimony creates a genuine issue of material fact.

Case: 14-2335 Document: 28-2 Filed: 06/01/2015 Page: 8

No. 14-2335 *Moran v. Al Basit LLC, et al.* Page 8

We therefore **REVERSE** the ruling of the district court granting summary judgment in favor of Defendants and **REMAND** the case for further proceedings consistent with this opinion.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 14-2335

**FILED**
***Jun 01, 2015***
DEBORAH S. HUNT, Clerk

JEFFREY MORAN,
Plaintiff - Appellant,

v.

AL BASIT LLC; AL GHANI LLC;
ZAIN SYED; ZOHAIB SYED,
Defendants - Appellees.

Before: KEITH, CLAY, and STRANCH, Circuit Judges.

**JUDGMENT**

On Appeal from the United States District Court
for the Eastern District of Michigan at Ann Arbor.

THIS CAUSE was heard on the record from the district court and was submitted on the briefs without oral argument.

IN CONSIDERATION WHEREOF, it is ORDERED that the judgment of the district court is REVERSED, and the case is REMANDED for further proceedings consistent with the opinion of this court.

**ENTERED BY ORDER OF THE COURT**

Deborah S. Hunt, Clerk